

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armando Munoz,<br><br>Petitioner,<br><br>v.<br><br>Raymond Madden,<br><br>Respondent. | Case No.: 16cv2447 CAB (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. No. 5]** |

Petitioner Armando Munoz, proceeding pro se and in forma pauperis, filed this petition for writ of habeas corpus alleging that his due process rights were violated when hearing officers failed to consider his defense when determining a prison rule violation. Respondent filed a motion to dismiss, arguing that Munoz fails to state a federal habeas corpus claim. Munoz asked for an extension of time to file an opposition. The court granted his request and extended the opposition deadline to February 24, 2017. As of the date of this order, Munoz still has not filed an opposition. For the following reasons, the court **RECOMMENDS** that the district judge **GRANT** the motion to dismiss and dismiss the petition with prejudice.

**Relevant Background.**

On March 15, 2015 correctional officers conducted a cell search in the cell that Munoz shared with fellow inmate Manuel Otero. Pet'n, p.6. Officers found a box of "Wortz Cheese Crackers" located on a shelf where Munoz admitted he kept his belongings. *Id.* Concealed inside the box was an inmate-manufactured syringe. *Id.* Otero immediately admitted the contraband belonged to him and told the officers that Munoz had no knowledge of it. *Id.*; Otero Decl. (Pet'n, Ex. C). Both Otero and Munoz were charged with possession of dangerous contraband and were drug tested. Pet'n, p.6. Test results showed that Otero had drugs in his system while Munoz did not. *Id.*

During the administrative hearing Munoz called Otero as a witness, who testified that the contraband belonged to him and that Munoz did not know anything about it. Pet'n, p.7. The Senior Hearing Officer (SHO) found Munoz guilty of the rule violation based on the theories of constructive possession and implied consent. *Id.* As punishment, Munoz lost 120 days of good time conduct credits, all his entertainment appliances, and lost privileges for 180 days. Pet'n, p.1.

Munoz filed a habeas petition with the California Supreme Court, which that court denied on May 11, 2016. Pet'n, Ex. B. He filed this Petition on September 28, 2016. In the Petition he argues that the SHO misapplied California law when determining implied consent and constructive possession under Title 15 of the California Code of Regulations, section 3000.

**Discussion.**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas courts may not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see Bradshaw v. Richey*, 546 U.S. 74, 76, (2006) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting

in habeas corpus"). Further, the petitioner has the burden to allege specific facts to show that a federal right is implicated. *O'Bremski v. Maass*, 915 F.2d 418, 422-423 (9th Cir. 1990). If no federal claim is implicated then the petition must be dismissed. *Id*.

Here, Munoz filed a federal habeas petition alleging that the SHO's decision violated the definitions of implied consent and constructive possession under the California Code of Regulations. He also argues that if he had done what was mentioned in the third level appeal decision—take a proactive approach to keep the contraband out of his living area—he would have violated another code section that prohibits inmates from assuming control over another inmate. *See* Pet'n, pp.9-10 and Ex. A; 15 C.C.R. § 3022. What Munoz essentially asks this court to do is review a state-court determination on a question on state law; such a claim is not cognizable for federal habeas corpus relief, as federal habeas relief is not available for errors involving purely the application of state law. *Estelle*, 502 U.S. at 67-68.

Even though the claim is based purely on state law Munoz claims he suffered a federal due process violation. But a general reference to "due process" is insufficient to establish a federal habeas claim. *See Poland v. Stewart*, 169 F/3d 573, 584 (9th Cir. 1999) (noting a state law issue cannot be transformed into a federal one by merely asserting a due process violation). Further, a prison disciplinary proceeding comports with due process if the finding is supported by "some evidence" in the record, which means "any evidence… that could support the conclusion reached by the disciplinary board[.]" *Superintendent v. Hill*, 472 U.S. 445, 454-455 (1985). Such evidence need not be direct, and it could include even "meager" evidence. *Id.* at 457.

Here, Munoz supports his alleged federal due process claim by citing to a Seventh Circuit case. In *Meeks* the court granted a habeas petition for a federal due process violation based on a prison disciplinary board's decision to take away the petitioner's good-time credits and lower his potential for earning good-time credits. *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996). *Meeks* held that in light of the petitioner introducing exculpatory evidence, he should have been "entitled to an explanation of why

the [decisionmaker] disregarded the exculpatory evidence and refused to find it persuasive." *Id.* at 720.  But the rule announced in *Meeks* has not been recognized by the Ninth Circuit or the Supreme Court.  *See Hall v. Allison*, 2013 WL 1829816 (C.D. Cal. Mar. 5, 2013) (noting that no Supreme Court case clearly establishes the rule stated in *Meeks*).  Therefore such a case cannot serve as a basis for federal habeas relief.  *Glebe v. Frost*, 574 U.S. __, 135 S.Ct. 429, 431 (2014) (stating "As we have repeatedly emphasized…circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court'").  Thus, Munoz's reliance on *Meeks* does not make his state law claim any more cognizable as a federal habeas claim.

**Order.**

In sum, the court finds that Munoz fails to state a claim cognizable on federal habeas review, and **RECOMMENDS** that the district judge **GRANT** the motion to dismiss and dismiss the Petition with prejudice.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that no later than **March 30, 2017**, any party to this action may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **April 10, 2017**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  March 2, 2017

Hon. Nita L. Stormes
United States Magistrate Judge