UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO MUNOZ,<br><br>          Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>          Respondent. | Case No.: 16cv2447-CAB-NLS<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION [Doc. No. 9] AND DENYING MOTION TO DISMISS [Doc. No. 5]** |

  Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Nita L. Stormes, filed on March 2, 2017, recommending that the Court grant Respondent's motion to dismiss. [Doc. No. 9.] On April 19, 2017, Plaintiff filed objections to the R&R. [Doc. No. 13.] Respondent has not filed any reply to the objections. Having considered the parties' arguments and for the reasons stated herein, the Court disagrees with the R&R and **DECLINES** to adopt it. Instead, Respondent's motion to dismiss [Doc. No. 5] is **DENIED**.

### DISCUSSION

  Petitioner is a state inmate challenging an institutional disciplinary action in which he was found guilty of possession of drug paraphernalia. Specifically, he contends that prison officials improperly found he constructively possessed drug paraphernalia found in his cell and failed to identify any evidence showing that Petitioner knew the drug

paraphernalia was in his cell. [Doc. No. 1 at 6.] In the motion to dismiss, Respondent argues that the Petition fails to state a federal claim because Petitioner is essentially asking the court to review a state-court determination on a question of state law. [Doc. No. 5-1 at 2.] Respondent is correct that the Petition does seek adjudication of whether prison officials misapplied the criteria for "constructive possession" under California Code of Regulations, title 15, section 3000 [Doc. No. 1 at 8], and whether they mistakenly concluded that he was responsible for his cellmate's property, in violation of California Code of Regulations, title 15, section 3022 [Doc. No. 1 at 9-10]. To the extent the Petition claims a violation of state law, there is no federal claim. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

However, a prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88, 93 S. Ct. 1827 (1973) (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). While prisoners may not be wholly deprived of their constitutional rights, "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution ...." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id*. A prisoner's due process rights must be accommodated to the "legitimate institutional needs" of a prison. *Bostic*, 884 F.2d at 1269 (overruled on other grounds by *Nettles*, ___ F.3d ____, 2016 WL 4072465 (July 26, 2016)), citing *Superintendent v. Hill*, 472 U.S. 445, 454–455, 105 S. Ct. 2768 [ ] (1984).

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the

evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 563–71. Confrontation and cross examination are not generally required. *Id*. at 567.

In addition, due process requires that the decision be supported by "some evidence." *Hill*, 472 U.S. at 455, 105 S. Ct. 2768, citing *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106, 47 S. Ct. 302, 71 L.Ed. 560 (1927). In *Hill*, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced ...." *Id*. Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. at 455–56. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

Here, while Petitioner does appear to seek adjudication of state law claims, he also alleges that his "right to due process was violated" [Doc. No. 1 at 6] and that there was "no evidence" that Petitioner was aware of the contraband [Doc. No. 1 at 8]. Thus, Petitioner has made sufficient allegations to state a federal due process claim under *Hill*, 472 U.S. at 455. Whether there was, in fact, "some evidence" to support the decision of the hearing officer is a merits question that is not appropriately addressed in a motion to dismiss.

Respondent also argues that Petitioner cites to a Seventh Circuit case that sets forth a rule that has not been adopted by this circuit. [Doc. No. 5-1 at 3.] Petitioner cites to *Meeks v. McBride*, 81 F.3d 717, 720-721 (7th Cir. 1996), where the Seventh Circuit ruled that where a prison inmate produces exculpatory evidence that directly undermines reliability of evidence in the record pointing to his violation of prison regulations, he is

3

16cv2447-CAB-NLS

entitled under due process to an explanation of why disciplinary officials disregarded exculpatory evidence and refused to find it persuasive. While that specific rule has not necessarily been adopted by this Circuit (*see Hall v. Allison*, 2013 WL 1829816 (C.D. Cal. Mar. 5, 2013)), there are due process requirements regarding prison disciplinary convictions under *Hill* and *Wolff*. By alleging that there was "no evidence" to support the conviction, Petitioner has sufficiently pled a federal due process claim. Whether that allegation can be proven is not appropriately addressed in a motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court **DECLINES** to adopt the Report and **HEREBY DENIES** the motion to dismiss.

**IT IS SO ORDERED**.

Dated: May 5, 2017

Hon. Cathy Ann Bencivengo
United States District Judge