UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armando Munoz,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Raymond Madden,<br><br>　　　　　　Respondent. | Case No.: 16cv2447 CAB (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [Dkt. No. 1]** |

Petitioner Armando Munoz, proceeding pro se and in forma pauperis, filed this petition for writ of habeas corpus alleging that his due process rights were violated when hearing officers failed to consider his defense when determining a prison rule violation (Petition). Respondent previously filed a motion to dismiss the Petition for failure to state a claim, which the district court ultimately denied. Respondent filed an answer and argues that the Petition does not show that the state court decisions that upheld the disciplinary findings were contrary to or an unreasonable application of clearly established federal law, or that they relied on an unreasonable determination of the facts. Munoz filed a traverse.

For the following reasons, the court **RECOMMENDS** that the district court **DENY** the Petition.

///

**Relevant Background.[1]**

Munoz is currently service a determinate prison sentence of 13 years and four months. Lodgment 1.

On March 15, 2015 correctional officers conducted a cell search in the cell that Munoz shared with fellow inmate Manuel Otero. Pet'n, p.6. Officers found a box of "Wortz Cheese Crackers" located on a shelf where Munoz admitted he kept his belongings. *Id.* Concealed inside the box was an inmate-manufactured syringe. *Id.* Otero immediately admitted the contraband belonged to him and told the officers that Munoz had no knowledge of it. *Id.*; Otero Decl. (Pet'n, Ex. C). Both Otero and Munoz were charged with possession of dangerous contraband and were drug tested. Pet'n, p.6. Test results showed that Otero had drugs in his system while Munoz did not. *Id.*

During the administrative hearing Munoz called Otero as a witness, who testified that the contraband belonged to him and that Munoz did not know anything about it. Pet'n, p.7. The Senior Hearing Officer (SHO) found Munoz guilty of the rule violation based on the theories of constructive possession and implied consent. *Id.* As punishment, Munoz lost 120 days of good time conduct credits, all his entertainment appliances, and lost privileges for 180 days. Pet'n, p.1.

Munoz filed a habeas petition with the California Supreme Court, which that court denied on May 11, 2016. Pet'n, Ex. B. He filed this Petition on September 28, 2016. In the Petition he argues that the SHO misapplied California law when determining implied consent and constructive possession under Title 15 of the California Code of Regulations, section 3000.

**Legal Standard.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a federal court

---

[1] Most of the facts are taken as written in this court's Report and Recommendation of March 2, 2017.

will not grant a habeas petition with respect to any claim adjudicated on the merits in state court, unless that adjudication was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003).

To determine whether a state court "unreasonably applied" Supreme Court law or "unreasonably determined" the facts, this court reviews the last reasoned state court decision on the merits. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Here, the California court of appeal court gave a reasoned opinion as to Munoz's due process claim. Lodgment 7.

**Discussion.**

**1. Misapplication of State Law.**

In the Petition Munoz argues that the disciplinary violation was improper because the prison officials allegedly "misapplied the criteria for 'constructive possession' under California Code of Regulations, title 15, section 3000 [Doc. No. 1 at 8], and whether they mistakenly concluded that he was responsible for his cellmate's property, in violation of California Code of Regulations, title 15, section 3022 [Doc. No. 1 at 9-10]." May 5, 2017 Order, p.2. Respondent argues that the purported state law violation claims are improper in a federal habeas petition. Mem. Ps&As, pp.8-10.

The district judge already examined this claim for misapplication of the "constructive possession" regulation when reviewing Respondent's previously-filed motion to dismiss. While the district judge ultimately denied the motion to dismiss for failure to state a claim, she found that "to the extent the Petition claims a violation of state law [regarding "constructive possession"], there is no federal claim. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)." May 5, 2017 Order, p.2.

Nothing in the Petition or the traverse inspire this court to offer a different recommendation as to Munoz's claim based on misapplication of the "constructive possession" regulation.

**2. Due Process Claim.**

At the heart of the Petition is Munoz's claim that he suffered a due process violation because no evidence supports the guilty finding that he possessed a contraband syringe. He specifically argues that the SHO overlooked the "knowledge" requirement and that no evidence shows that Munoz had any knowledge of the contraband. Traverse, pp.4-5, 12.

In a prison disciplinary hearing where an inmate may lose good time credits, due process requires that the inmate receive:

> (1) advance written notice of the disciplinary charges (at least 24 hours before the hearing);
>
> (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and
>
> (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)). These elements, along with a showing that "some evidence" in the record supports the finding, comports with the requirements of due process. *Id.* "Some evidence" means "any evidence… that could support the conclusion reached by the disciplinary board[.]" *Id.* at 454-455. Such evidence need not be direct, and it could include even "meager" evidence. *Id.* at 457. "[T]he relevant question is whether there is any evidence in the record that can support the conclusion reached by the disciplinary board." *Id.* at 455-456.

Munoz does not claim that he did not receive the process required for a prison disciplinary hearing. Instead he argues that no evidence supports the guilty finding because there is no evidence that Munoz had knowledge of the contraband. On review, the state court disagreed with Munoz:

/ / /

> The report of the correctional officer that the syringe was found in an area of the prison cell Munoz used to store his belongings constitutes "some evidence" he committed the disciplinary violation. Munoz's "reliance on the evidence that supports his assertion not to have known about the [syringe], such as his cellmate's acknowledgment of ownership and [Munoz's] own claim of innocence, does not change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the conflicting evidence.' [Citation.] Rather the narrow role assigned to the reviewing court is solely to determine whether there is '*any evidence* in the record that *could support* the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as [Munoz] contends, there is other evidence that supports his assertion of innocence." (*In re Zepeda* (2006) 141 Cal.App.4th 1493, 1500.)

Lodgment 7, p.2.

As the state court notes, the record demonstrates that the hearing officer based his decision on some evidence. Specifically, the hearing officer relied on the officer's report that documented how and where he found the syringe, and that it was found in an area accessible by both Munoz and his cellmate. Lodgment 2 (RVR); Lodgment 3 (Decision by SHO). Even if Munoz had no actual knowledge of the contraband the analysis does not change because there is still some evidence to support the guilty finding:

> [T]hat [Otero] took responsibility for the contraband does not absolve [Munoz] of potential liability, as both may have had knowledge of its location. *See In re Zepeda*, 141 Cal. App. 4th 1493, 1500 … (2006) ("Zepeda's reliance on … his cellmate's acknowledgement of ownership and Zepeda's own claim of innocence, does not change the analysis under *Hill*."). … [C]ourts have noted that alternate explanations for contraband does not mandate reversal of the findings of a disciplinary board. *See Dickerson v. Foulk*, No. 2:14CV0731, 2014 U.S. Dist. LEXIS 162831, 2014 WL 6612094, at *2 (E.D. Cal. Nov. 20, 2014) ("Under the 'some evidence' standard, that this is not the only possible conclusion does not give Petitioner a basis for relief."). The Court in *Dickerson* also acknowledged that access

to the place where the contraband was located was "sufficient to uphold the hearing officer's finding of culpability for possession." 2014 U.S. Dist. LEXIS 162831, [WL] at *3.

*Lucas v. Janda*, 2016 U.S. Dist. LEXIS 105226, at *7-*8 (S.D. Cal. Aug. 9, 2016) (Battaglia, J.).

Accordingly, this court finds that the state court's finding that some evidence supported the hearing officer's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**Order.**

The court finds that Munoz fails to state a meritorious claim under federal habeas review, and **RECOMMENDS** that the district judge **DENY** the Petition and dismiss it with prejudice.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that no later than **August 25, 2017**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **September 5, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 4, 2017

Hon. Nita L. Stormes
United States Magistrate Judge